IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-11-CV-0807-O-BD |
| | § | NO. 3-09-CR-0312-O |
| CHRISTOPHER ROBINSON | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Defendant Christopher Robinson, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). As part of the plea bargain, the government and defendant agreed that a 10-year sentence was an appropriate disposition of the case. The district court accepted the plea agreement and sentenced defendant to 120 months confinement, followed by a three-year term of supervised release. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In multiple grounds for relief, defendant contends that his guilty plea was involuntary due to ineffective assistance of counsel. Succinctly stated, defendant criticizes his attorney for: (1) failing to obtain affidavits exonerating him of the charged offense; (2) not advising him that the evidence was insufficient to support his guilty plea; and (3) failing to adequately investigate the case.

A.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

B.

On July 3, 2009, Dallas police responded to a 911 call from Glenda Knight who reported that her boyfriend, a convicted felon, was at her apartment with a shotgun and had threatened to kill her. When the police arrived, Knight gave them written consent to search the apartment and to remove the weapon. The officers searched the apartment and found a Remington Arms 12-gauge sawed-off shotgun, with two live shotgun shells in the chamber, underneath a pillow on the bed in the back bedroom. In addition to the shotgun, the police recovered 19 Winchester 12-gauge shotgun shells from inside a table at the end of the couch. Defendant, who had been living at the apartment with

Knight for about a month, was arrested at the scene and charged with making terroristic threats against a family member and unlawful possession of a firearm by a felon. Six days later, on July 9, 2009, Knight executed an affidavit claiming that the shotgun actually belonged to her deceased son who left it in the apartment before his death in 2005. Knight also stated that defendant did not know the shotgun was in her home and did not threaten to kill her. (*See* PSR at 2-3, ¶¶ 12-15). Similar statements were made by Knight in an affidavit dated May 4, 2010. (*See* Def. Mot., Attch. 1).

After initially pleading not guilty, defendant entered into a plea agreement with the government. Defendant also signed a factual resume, wherein he stipulated that:

> [O]n or about July 3, 2009, in the Dallas Division of the Northern District of Texas, having been convicted of a crime punishable by imprisonment for a term exceeding one year, he did knowingly possess in and affecting interstate commerce, a firearm, that is, a Remington Arms Company 12 gauge shotgun, said firearm having been shipped and transported in interstate commerce.

(Fact. Res. at 4). At rearraignment, defendant testified that he reviewed the superseding information with his attorney and understood the charges against him. (*See* Rearraign. Tr. at 10). After the prosecutor summarized the elements of the offense, defendant told the judge that he committed all of the essential elements of the crime. (*Id.* at 15).[1] Defendant testified under oath that he read and understood the plea agreement and factual resume, (*id.* at 26-27), that he understood the range of punishment for the charged offense, (*id.* at 18), that he was fully satisfied with his representation, (*id.* at 16), and that his guilty plea was not the result of any promises, threats, or assurances. (*Id.* at 13, 24). With respect to the factual resume, defendant acknowledged that the facts stated therein were true and correct. (*Id.* at 27). This sworn testimony carries a strong presumption of verity in

---

[1] At one point during the Rule 11 colloquy, defendant started shaking his head and asked to speak to his mother. (*See* Rearraign. Tr. at 11). After a brief pause in the proceeding, defendant reaffirmed his desire to accept the 10-year plea bargain offered by the government and go forward with his guilty plea. (*Id.* at 12).

a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

In a thinly-veiled attempt to avoid the clear language of the factual resume and his prior testimony, defendant belatedly protests that his attorney coerced him into pleading guilty by suggesting that there was "overwhelming evidence" against him despite the fact that Glenda Knight had recanted her prior statement to the police in two sworn affidavits. Significantly, defendant does not allege, much less prove, that he did not know about Knight's recantation when he pled guilty. In fact, it appears that Knight made statements consistent with her affidavits in a letter to defendant dated April 1, 2010 -- more than one month before his guilty plea. (*See* Def. Obj. to PSR at 2). Still, defendant agreed to a plea bargain with the government. Nothing in the record supports defendant's conclusory and self-serving claims that his plea was the result of ineffective assistance of counsel or otherwise involuntary. These grounds for relief should be overruled. *See Salazar v. United States*, No. 3-08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE